United States District Court

Eastern District of California

Eddie Dunbar,

    Petitioner,

vs.

A. K. Schribner, et al.,

    Respondents.

No. Civ. S 04-1176 GEB PAN P

Findings and Recommendations

-oOo-

Petitioner, a prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground the petition is untimely. Petitioner opposes.

March 3, 2000, petitioner was convicted in the Sacramento County Superior Court. March 7, 2000, petitioner filed a petition for a writ of habeas corpus in the trial court. March 31, 2000, that court denied relief. Petitioner appealed his conviction. The appellate court affirmed March 18, 2002. April

23, 2002, petitioner filed a petition for review in the California Supreme Court. That court summarily denied review June 12, 2002.

November 7, 2002, petitioner filed in the trial court a petition for a writ of habeas corpus challenging his conviction. December 3, 2002, that court denied relief. April 7, 2003, petitioner filed a habeas petition in the appellate court claiming the trial court violated his rights by not ruling on his November 7 petition. The court summarily denied relief April 24, 2003, sending petitioner a copy of the trial court's December 3, 2002, order. August 25, 2003, petitioner filed an application for a writ of habeas corpus in the appellate court claiming the December 3, 2002, order the appellate court sent to him was not authentic, the trial court intentionally refused to rule on his petition in violation of due process, the trial court denied his right to counsel at trial by refusing to grant petitioner's motion for substitute counsel and trial counsel was ineffective. September 18, 2003, that court summarily denied relief. October 23, 2003, petitioner filed in the California Supreme Court a petition for review of the September 18, 2003, order denying habeas relief. October 24, 2003, the court advised petitioner that time for seeking review had passed but that he could file a petition for a writ of habeas corpus and sent him a form petition. January 12, 2004, petitioner filed a petition for a writ of mandate in the California Supreme Court. January 28, 2004, the court summarily denied relief.

1  June 21, 2004, petitioner filed his federal petition.

2  A one-year limitation period for seeking federal habeas
3  relief begins to run from the latest of the date the judgment
4  became final on direct review, the date on which a state-created
5  impediment to filing is removed, the date the United States
6  Supreme Court makes a new rule retroactively applicable to cases
7  on collateral review or the date on which the factual predicate
8  of a claim could have been discovered through the exercise of due
9  diligence.  28 U.S.C. § 2244(d)(1).  Petitioner's conviction
10 became final September 10, 2002.  See Bowen v. Roe, 188 F.3d 1157
11 (9th Cir. 1999) (judgment on direct review becomes final when the
12 90 day limit for filing a petition for certiorari expires).  A
13 properly filed state post conviction application tolls the
14 statute of limitations.  28 U.S.C. § 2244(d)(2).  In California,
15 a properly filed post conviction application is "pending" during
16 the time between a lower court decision and filing a new petition
17 in a higher court.  Carey v. Saffold, 536 U.S. 214, 223 (2002).

18 Absent tolling, petitioner had until September 10, 2003, to
19 file his federal petition and his June 21, 2004, application is
20 over nine months late.

21 Petitioner's March 7, 2000, petition in the trial court is
22 not a basis for tolling because the limitation period had not
23 begun.

24 Petitioner is entitled to tolling for 26 days, from November
25 7, 2002, when he filed a habeas petition in the trial court until
26 December 3, 2002, when the trial court denied relief.

1  The April 7, 2003, petition in the appellate court is not a
2  basis for statutory tolling because it does not challenge the
3  conviction.  Tillema v. Long, 253 F.3d 494 (9th Cir. 2001).
4  Petitioner is entitled to 24 days' tolling from August 25,
5  2003, until September 28, 2003.
6  The October 23, 2003, petition for review in the California
7  Supreme Court is not a basis for tolling because the court
8  returned it unfiled for lack of jurisdiction and so the petition
9  was not "properly filed."  Artuz v. Bennet, 531 U.S. 4, 8 (2000)
10 ("application is 'properly filed' when its delivery and
11 acceptance are in compliance with the applicable laws and rules
12 governing filings.").
13 Affording petitioner 50 days' statutory tolling, he had
14 until October 30, 2002, to file his federal petition.
15 Petitioner contends he is entitled to equitable tolling from
16 December 3, 2002, until April 24, 2003, because the trial court
17 did not send him its order denying relief.  If petitioner were
18 entitled to equitable tolling, he would have had until March 21,
19 2003, to file his federal petition and the June 21, 2004,
20 petition would be late.  The court therefore declines to
21 determine whether petitioner has satisfied his burden of showing
22 facts entitling him to equitable tolling.  Miranda v. Castro, 292
23 F.3d 1063, 1065 (9th Cir. 2002).
24 For these reasons, I recommend that respondents' October 7,
25 2004, motion to dismiss be granted and that petitioner's motions
26 for summary judgment be denied and that this action be dismissed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Within 20 days after being served with these findings and recommendations, petitioner may file written objections.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  June 2, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge